IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WDCD LLC, a Hawaii limited liability company,<br><br>        Plaintiff,<br><br>    vs.<br><br>iSTAR INC., a Maryland Corporation,<br><br>        Defendant. | CIVIL NO. 17-00301 DKW-RLP<br><br>**ORDER REGARDING SUBJECT MATTER JURISDICTION** |

**ORDER REGARDING SUBJECT MATTER JURISDICTION**

On June 26, 2017, Plaintiff WDCD LLC filed its Complaint against iStar Inc., asserting subject matter jurisdiction based solely upon diversity of citizenship under 28 U.S.C. § 1332(a)(1). *See* Complaint ¶ 7, Dkt. No. 1. Section 1332(a)(1) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In order to satisfy the requirements of Section 1332, there must be complete diversity of citizenship between the opposing parties. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a

single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Kuntz v. Lamar Corp.,* 385 F.3d 1177, 1181 (9th Cir. 2004).

Because WDCD is a limited liability company ("LLC"), it "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to establish diversity jurisdiction, the citizenship of all owners and/or members of an LLC must be alleged. *Id.*

The Complaint, however, does not indicate the citizenship of all owners or members of WDCD LLC. The Complaint states that WDCD LLC "is a registered Hawaiʻi Limited Liability Company with its principal place of business in Honolulu, Hawaiʻi [and] WDCD is a real estate management and development company that was founded, operated and principally owned by its Managers, Bill Deuchar and Chris Deuchar." Complaint ¶¶ 1–2. It does not, however, allege the complete membership of WDCD, nor does it allege the citizenship of those members, including Bill and Chris Deuchar. Without such additional information regarding each LLC member, the Court is unable to determine whether diversity jurisdiction exists.

Plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). At the pleading

stage, WDCD LLC must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *Johnson*, 437 F.3d at 899; Fed. R. Civ. P. 8(a)(1). The Court may address subject matter jurisdiction *sua sponte*. *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

Accordingly, WDCD LLC is directed to file, by **August 17, 2017**, a jurisdictional statement identifying the citizenship of all owners/members.

IT IS SO ORDERED.

Dated: August 3, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*WDCD, LLC v. iStar, Inc.*; Civil No. 17-00301 DKW-RLP; **ORDER REGARDING SUBJECT MATTER JURISDICTION**